IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| GERALD S. LEPRE, JR., | : Bankruptcy No. <u>11-20288-JAD</u> |
| Debtor, | : Chapter 7 |
| | x |
| GERALD S. LEPRE, JR., | : Adversary No. <u>11-02159JAD</u> |
| Plaintiff, | : Doc. #228 |
| - vs - | : |
| DEPARTMENT OF EDUCATION, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, SALLIE MAE, INC., | : |
| Defendants. | : |
| | x |

## MEMORANDUM OPINION

Presently before the Court is Plaintiff's *Request for Certification Pursuant to 28 U.S.C. §753(f)*. This request is made pursuant to Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. For the reasons set forth below, the court declines the request for certification because Plaintiff's appeal is not taken in good faith.

The Judiciary Code at 28 U.S.C. §753(f) provides:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the

suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States *if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)*. The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C.A. § 753 (emphasis added).

Section 753 of the Judiciary Code is similar to other provisions in the statute which govern privileges afforded to litigants proceeding *in forma pauperis*. For example, 28 U.S.C. § 1915 mandates that an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith. 28 U.S.C. §1915(a)(3). Similarly, under Section 1915(e)(2)(B), an appeal by an appellant proceeding *in forma pauperis* must be dismissed if the action is frivolous, malicious, or fails to state a claim for which relief can be granted. In re Shesmonsky, No. 11-4284, 2012 WL 266972 (3d Cir. Jan. 31, 2012)(citing Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d. 338 (1989)).

Good faith "is established by the presentation of any issue that is not plainly frivolous". Ellis v. U.S., 356 U.S. 674, 674, 78 S. Ct. 974, 975, 2 L.Ed. 2d 1060 (1958). For purposes of Section 1915, courts have held that an appeal is frivolous if it "lacks an arguable basis in law or fact". Neitzke, 490 U.S. at 325. Similarly, for purposes of 28 U.S.C. § 753, courts have held that a substantial question is posed on appeal if the factual or legal issues presented are "reasonably debatable." See Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93 (S.D.N.Y. 1976); see also In re Price, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009).

In the instant matter, a review of Plaintiff's statement of issues on appeal reveals that there is no arguable basis for Plaintiff/appellant's appeal; nor do the statement of issues raise a substantial question on appeal.

For example, in this student loan non-dischargeability action, Plaintiff contends in his *Statement of Issues Complained of on Appeal*, that this Court improperly held Plaintiff to a burden of proof consisting of "PROOF OF TOTAL DESTITUTION AND UNEMPLOYMENT AND/OR THE PROSPECT OF TOTAL DESTITUTION AND UNEMPLOYMENT FOR THE REMAINDER OF THE BORROWER'S NATURAL LIFE." (See Doc. #217, I). This legal issue is devoid of any arguable basis in law or fact because the burden of proof utilized by the Court in deciding this matter was not one of "total destitution" of the Plaintiff. Rather, this Court utilized the three-part test for "undue hardship" as outlined in Brunner v. New York State Higher Educ. Services Corp., 831 F.2d 395 (2d Cir. 1987). See Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish), 72 F.3d 298, 306 (3d Cir. 1995), cert. denied 518 U.S. 1009 (1996) (adopting Brunner test); see Lepre v. Dep't of Education, et. al. (In re Lepre), 466 B.R 727 (Bankr. W.D. Pa. 2012).

With respect to Plaintiff's second issue, Plaintiff complains that this Court erred when it failed to enter default judgment against Defendant Sallie Mae, Inc. (and instead dismissed Defendant Sallie Mae, Inc as a defendant). This issue is also totally devoid of any arguable basis in law or fact and raises no substantial question.

The record reflects that Plaintiff did move for a default judgment against Defendant Sallie Mae, Inc. as a result of Sallie Mae's failure to timely answer the complaint. But, merely because Plaintiff filed such a motion does not require that the Court grant it - especially since this case involved multiple defendants and a risk existed as to inconsistent results as to each defendant. See In re Jasinski, 406 B.R. 653 (Bankr. W.D.

Pa. 2009). Rather, the entry of a default judgment is a matter left for the discretion of this Court. Id. at 656.

Based on the record, the Court sees no colorable basis for a claim that the Court abused its discretion in denying the motion for default judgment. The record reflects that at the hearing on the motion for default judgment, counsel appeared and Sallie Mae, Inc. averred that it was no longer a creditor of the Debtor/Plaintiff because Sallie Mae, Inc. had previously (prior to the commencement of the bankruptcy) assigned its debt position to Defendant Educational Credit Management Corporation. Under these facts, it was apparent that the Plaintiff owed no debt to Defendant Sallie Mae, Inc. Without a debt being owed to Sallie Mae, Inc., there simply was no obligation for which a dischargeability determination could be made in these proceedings vis-a-viz Defendant Sallie Mae, Inc. In fact there was no case or controversy as to Sallie Mae, Inc. and the proper result was to dismiss Salle Mae, Inc. as a party defendant.

The third issue on appeal relates to Plaintiff's contention that the Court failed to "ALLOW PLAINTIFF AN OPPORTUNITY TO DEPOSE CRUCIAL WITNESSES PRIOR TO TRIAL." (See Doc. #217, III). This issue relates to the Court's denial of Plaintiff's Second Motion to Compel Deposition (by Written Interrogatories) of Lisa Thigpen, Alice Sams, Petra Shipman and Teri Fetterhoff. (See Doc.#170). These persons were apparently employees of the Defendants (including Salle Mae, Inc.).

The Court denied Plaintiff's request, made on the eve of trial, for a number of reasons set forth in its Memorandum and Order of Court dated December 8, 2011. (See Doc. #193). Those reasons included the fact that Plaintiff's requests were improper under Federal Rule of Bankruptcy Procedure 7031, and were served after the discovery period had lapsed. The Plaintiff also did not establish any cause for the extension of the

discovery period on a *nunc pro tunc* basis as the Plaintiff knew or should have known of the alleged witnesses well prior to the discovery deadline. Under these circumstances, the Court sees no arguable basis in law or fact upon which this Court's pretrial determination can be used to overturn the ultimate judgment on the merits of this case (that is, the Plaintiff's education loan, is non-dischargeable). As such, no substantial question has been presented on appeal by the Plaintiff.

Even if this Court somehow erred in denying Plaintiff's Motion to Compel, such a result does not make Plaintiff's appeal one taken in good faith; nor does it mean that Plaintiff has posed a substantial question on appeal. The record reflects that the witnesses upon whom Plaintiff wanted to late-serve written interrogatories were employees of the Defendants. Their testimony was irrelevant to this adversary proceeding. This is so because what was at issue in this lawsuit was whether Plaintiff could discharge his education loans based on the "undue hardship" exception set forth in 11 U.S.C. §523(a)(8). **<u>This exception focuses on the income and expenses of the Debtor and not the conduct or affairs of the creditors</u>**.[1] Specifically, Plaintiff had to prove "(1) that the debtor cannot maintain, based on current income and expense, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans". <u>Faish</u>, 72 F.3d at 304-305. Under these circumstances, the ruling by the Court in denying the Motion to Compel would (under worst case scenario) amount to a harmless error in that it did not change

---

[1] At no time did the Plaintiff dispute the amount of his educational loans.

the outcome of this proceeding. Any such error would not serve as a basis to overturn the ultimate judgment entered by the Court. See Fed.R.Bankr.P. 9005, Fed.R.Civ.P. 61.

Issue number four raised by Plaintiff deals with the fact that some of Plaintiff's banking statements were admitted into evidence. Plaintiff contends that such evidence was "PREJUDICIAL" and its "PREJUDICIAL EFFECT OUTWEIGHED ITS PROBATIVE VALUE." (See Doc. #217, IV). This basis for appeal is frivolous because the focus of this lawsuit was, in fact, Plaintiff's financial ability to pay his student loans. In this regard, the litigants (and the Court) are not required to accept the Plaintiff's income and expenses listed on his bankruptcy schedules. Rather, litigants and the Court examine the income and expenses of the Plaintiff, and ascertain whether the purported income and expenses "reflect a true picture of the debtor's financial situation". See Goodman v. U.S. Dep't of Educ. (In re Goodman), 449 B.R. 287, 293 (Bankr. N.D. Ohio 2011)(quoting Mitcham v. U.S. Dep't of Educ. (In re Mitcham), 293 B.R. 138, 144 (Bankr. N.D. Ohio 2003)).

Issue number five complains that the Court afforded defense counsel "EXTRA PRIVILEGES AND IMMUNITIES" and held Plaintiff to a "MORE STRINGENT STANDARD". (See Doc. #217, V). While the Court recognizes that Plaintiff has appeared *pro se*, this fact does not mean that Plaintiff is not held to the same legal requirements imposed by applicable law and/or civil rules. See Weik v. Shinn (In re Weik), Adv. No. 4:07-00036, 2008 WL 509490, *1 (Bankr. D. Ariz. Feb. 15, 2008)("A person who elects to represent themselves has the same duties and responsibilities to know and understand legal procedures as an attorney."). As previously discussed, this Court denied Plaintiff's motion to compel that was filed approximately one week prior to trial because the request was untimely, for an improper purpose and failed to otherwise comply with the relevant rules of civil procedure. (See Doc. #170, 193). A further example is the opportunity this Court

provided to Plaintiff to respond to the filing by Defendant Educational Credit Management Corporation regarding the subject *Request for Certification*. The Plaintiff has chosen not to reply. The Court therefore can discern no arguable basis in law or fact supporting this contention on appeal.

Issue number six raised by Plaintiff is that the Court somehow erred in concluding that the loans at issue were non-dischargeable because the Court considered: "1) APPELLANT'S FIANCÉ'S ALLEGED INCOME OR BANKING ACCOUNT OR ALLEGED BANKING TRANSFERS; 2)APPELLANT'S ALLEGED CONTROL OF HIS DISEASE OF ALCOHOLISM; 3) APPELLANT'S ALLEGED FAILURE TO REQUEST A FORBEARANCE OF THE STUDENT LOANS AT ISSUE; AND 4)OR OTHER FACTS NOT IN EVIDENCE." All of the items enumerated in items 1) through 3) above are circumstances appropriately considered by the Court as a part of the three-part Brunner analysis for hardship discharge. See e.g., Flickinger-Luther v. ECMC (In re Flickinger-Luther), 462 B.R. 157 (Bankr. W.D. Pa. 2012). In addition, this Court's decision was based on the evidence put in the record of this matter. As such, the Court sees no substantial question raised by this issue on the appeal.

Plaintiff's final issue on appeal, issue number seven, contends that this Court committed reversible error in "FAILING TO TAKE INTO CONSIDERATION APPELLANT'S INCOME, EXPENSE, DEPENDENT AND HIS TREATMENT FOR HIS DISEASE OF ALCOHOLISM..." The record, however, reflects that this Court duly considered all of these items as reflected in its Memorandum Opinion, which was fourteen (14) pages at length. This issue is therefore devoid of any arguable merit in both low or fact and raises no substantial question.

In summary, the Plaintiff's request for certification places this Court in the unusual circumstance of reviewing its own prior judgment. The Court understands and appreciates the fact that Plaintiff disagrees with the Court's judgment. However, the

existence of a disagreement does not render Plaintiff's appeal to be one made in good faith; nor does it mean that Plaintiff has raised bona fide questions on appeal which are substantial. Rather the question posed by the Request for Certification is whether this Court's decisions are reasonably debatable. Stated in other terms, the question posed is whether there is an arguable basis in law or fact to overturn this Court's judgment. Plaintiff has not articulated any such basis in law or fact. For this reason, the request for certification must be denied.

An order consistent with this Memorandum Opinion shall be issued.

July 20, 2012

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

case administrator to serve:

Gerald S. Lepre, Jr.
John Neblett, Esq.
Peter Ashcroft, Esq.
U.S. District Judge Cathy Bissoon

FILED

JUL 20 2012

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA